**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENJAMIN J. HENDERSON, and SARA A.M. HENDERSON, | ) ) ) |
| Defendants. | ) ) ) |

Civil No. _____

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S**
**COMPLAINT FOR RELIEF IN INTERPLEADER**

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint For Relief in Interpleader alleges as follows:

**PARTIES**

1.      Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the Commonwealth of Virginia.

2.      Defendant Benjamin J. Henderson ("Benjamin") is an adult citizen of Virginia and domiciled in Norfolk County, Virginia.

3.      Defendant Sara A.M. Henderson ("Sara") is an adult citizen of Florida and domiciled in Santa Rosa County, Florida.

**JURISDICTION AND VENUE**

4.      This Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of

the United States. At issue are life insurance plan benefits provided to the Department of Veterans

Affairs pursuant to the Servicemembers' Group Life Insurance Act, 38 U.S.C. 1965 *et seq*.

5.        This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are

of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity

between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). The

defendants are citizens of Virginia and Florida.

6.        This Court also has jurisdiction under Title 28 U.S. C. § 1332 because the parties

are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New

Jersey citizen for diversity purposes and the Defendants are citizens of Virginia and Florida.

7.        Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because

one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

8.        Prudential, through the Office of Servicemembers' Group Life Insurance

("OSGLI"), provides group life insurance benefits under group policy number G-32000 ("SGLI

Plan"), which was issued by Prudential to the United States Department of Veterans Affairs

pursuant to the SGLI statute, 38 U.S.C. 1965 *et seq*. *A copy of the SGLI Plan and amendments is*

*attached hereto as* **Exhibit A**.

9.        As a veteran of the U.S. Navy, Benjamin A. Henderson (the "Insured") at all times

relevant received Veterans' Group Life Insurance ("VGLI") coverage under the SGLI Plan.

10.       By Application for Veterans Group Life Insurance dated April 9, 1997, the Insured

designated his wife, Henia Henderson ("Henia"), as sole Principal Beneficiary to the VGLI

coverage and designated his daughter, Sara, and son, Benjamin, as co-Contingent Beneficiaries,

each entitled to 50% of the VGLI benefits in the event Henia predeceased the Insured. *A copy of*

*the Application for Veterans Group Life Insurance dated April 9, 1997 is attached hereto as* **Exhibit B**.

11.     Upon information and belief, Henia died on November 4, 1998. *A copy of Henia's Certificate of Death is attached hereto as* **Exhibit C**.

12.     Upon information and belief, the Insured died on September 17, 2020 as the result of fatal gunshot wounds and his death was ruled a homicide. *A copy of the Insured's Certificate of Death is attached hereto as* **Exhibit D**.

13.     As a result of the death of the Insured, VGLI death benefits in the amount of $200,000 (the "Death Benefit") became due to a beneficiary or beneficiaries.

14.     By Claim For Death Benefits form dated October 14, 2020, Sara asserted a claim to the Death Benefit, or portion thereof. *A copy of the Claim For Death Benefits form dated October 14, 2020 is attached hereto as* **Exhibit E**.

15.     By Claim For Death Benefits form dated October 15, 2020, Benjamin asserted a claim to the Death Benefit, or portion thereof. *A copy of the Claim For Death Benefits form dated October 15, 2020 is attached hereto as* **Exhibit F**.

16.     Law Enforcement investigating the Insured's murder reported to Prudential that Sara has been ruled out as a person of interest in connection with the Insured's death.

17.     On or about December 3, 2020, Prudential distributed $100,106.57 to Sara, representing the 50% of the Death Benefit to which she was designated as Contingent Beneficiary, plus applicable interest.

18.     As a result of the payment to Sara, $100,000 of the Death Benefit (the "Remaining Death Benefit") remains due and Prudential concedes liability to that effect.

19.     Law Enforcement investigating the Insured's murder reported to Prudential that

Benjamin has not been ruled out as a person of interest in connection with the Insured's death.

20.     The SGLI Slayer Regulation, 38 C.F.R. § 9.5(e), prohibits payment of "proceeds

payable because of the death of an individual insured under Servicemembers' Group Life

Insurance" to:

> (i)     A person who is convicted of intentionally and wrongfully killing the decedent or determined in a civil proceeding to have intentionally and wrongfully killed the decedent;
> (ii)     A person who is convicted of assisting or aiding, or determined in a civil proceeding to have assisted or aided, a person described in paragraph (e)(2)(i) of this section; and
> (iii)     A member of the family of a person described in paragraph (e)(2)(i) or (e)(2)(ii) of this section who is not related to the decedent by blood, legal adoption, or marriage.

*38 C.F.R. § 9.5(e)(1) and (2)*.

21.     If it is established that Benjamin intentionally and wrongfully killed the Insured, he

may be prohibited from receiving the Remaining Death Benefit under 38 C.F.R. § 9.5(e).

22.     38 C.F.R. § 9.5(e)(4)(i) provides, in relevant part:

> Servicemembers' Group Life Insurance . . . proceeds . . . not payable under paragraphs (e)(1) and (e)(2) of this section shall be payable to the first person or persons listed in paragraphs (e)(4)(i)(A) through (F) of this section who are surviving on the date of the decedent's death in the following order of precedence:
>
> > **(A) To the next eligible beneficiary designated by the decedent in a  writing received by the appropriate office of the applicable uniformed service before the decedent's death in the uniformed services in the case of Servicemembers' Group Life Insurance proceeds;**
> > (B) To the decedent's widow or widower;
> > (C) To the decedent's child or children, in equal shares, and descendants of deceased children by representation.
> > (D) To the decedent's parents, in equal shares, or to the survivor of them;
> > (E) To the duly appointed executor or administrator of the decedent's estate;

(F) To other next of kin of the decedent as determined by the insurer (defined in § 9.1(c) of this part) under the laws of the domicile of the decedent at the time of the decedent's death.

*38 C.F.R. § 9.5(e)(4)(i) (emphasis added).*

23.     Accordingly, if Benjamin is disqualified from receiving the Remaining Death Benefit pursuant to the referenced regulations and/or other applicable law or principle, the proceeds would be payable to Sara, as the only other surviving designated beneficiary to the VGLI coverage. *See Ex. B; 38 C.F.R. § 9.5(e)(4)(i); 38 U.S.C. § 1970(a)*.

24.     There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Remaining Death Benefit. By reason of the actual or potential claims of the Defendants, Prudential is or may be exposed to multiple liability.

25.     Prudential is ready, willing and able to pay the Remaining Death Benefit, plus applicable interest, if any, payable in accordance with the terms of the SGLI Plan and to whomever this Court shall designate.

26.     As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Remaining Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

27.     Prudential accordingly will deposit into the Court the Remaining Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

28.     Prudential has not commenced this action in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint for Relief in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint for Relief in Interpleader and litigate their claims between themselves for the Remaining Death Benefit;

(b)     requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Remaining Death Benefit should be paid;

(c)     permitting Prudential to deposit the amount of the Remaining Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(d)     discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the SGLI Plan and/or the Death Benefit upon payment of the Remaining Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the SGLI Plan;

(f)     awarding Prudential its attorneys' fees and costs in their entirety; and

(g)     awarding Prudential any other and further relief that this Court deems just and proper.

Dated: March 1, 2021

Respectfully Submitted,

**POTTER & MURDOCK, P.C.**

/s/ John M. Murdock
John M. Murdock (VSB# 26647)
**Potter & Murdock, P.C.**
252 N. Washington Street
Falls Church, VA  22046
Tel: (703) 992-6950
Fax: (703) 832-0211
jmurdock@pottermurdock.com

*Counsel for Plaintiff,*
*The Prudential Insurance Company of America*

6